UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tommie Seymore,

        Plaintiff,

v.

Ferguson,

        Defendant.
_____

Case No. 20-13269
District Judge Shalina D. Kumar
Magistrate Judge Jonathan J.C. Grey

**REPORT AND RECOMMENDATION
ON DEFENDANT'S MOTION TO DISMISS**

Tommie Seymore is an incarcerated person in custody of the Michigan Department of Corrections ("MDOC") challenging the conditions of his confinement at the G. Robert Cotton Correctional Facility ("JCF"). (ECF No. 1, PAGEID.3.) Seymore brings a pro se complaint under 42 U.S.C. § 1983 against Billy Ferguson, alleging violations of his First Amendment rights and MCL § 19.142. (ECF No. 1.) This matter is before the Court on Ferguson's motion to dismiss. (ECF No. 18.) Seymore responded (ECF No. 20), and Ferguson replied (ECF No. 21).

For the following reasons, the Court **RECOMMENDS** that Ferguson's motion to dismiss be **GRANTED**.

I.   **Seymore's Complaint**

On November 22, 2017, Seymore verbally complained about the cold temperature of the JCF visiting room. (ECF No. 1, PAGEID.2.) A JCF staff member entered the room and noted that there was "obviously a heating problem." *Id.* Ferguson then entered the room and commented about Seymore's complaints to a guard. (*Id.* at PAGEID.3.) Ferguson left the room and returned. *Id.* He threatened to terminate Seymore's visit and loudly exclaimed, "I am just giving you a warning this time." *Id.* Seymore's visitation continued. *Id.* Later the same day, Seymore filed a grievance against Ferguson. *Id.*

On December 4, 2017, Seymore awaited the visit of his court-appointed attorney for one hour and 45 minutes. *Id.* Seymore claims that JCF policy states that a "person should not have to wait over 30 minutes for a visit."[1] (*Id.* at PAGEID.4.) Seymore notified Ferguson about the delay. *Id.* Ferguson mentioned Seymore's grievance against him and made verbal threats. *Id.* Later the same day, Seymore filed two grievances against Ferguson, one about the threats and one about the delay of his attorney's visit. *Id.*

Seymore alleges that Ferguson violated his First Amendment rights through the (1) verbal warning and (2) attorney visit delay.

---

[1] The Court reviewed Seymore's JCF visitation policy exhibit (ECF No. 20, PAGEID.96–99) and could not find such a rule.

## II. Standard of Review

### A. Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Procedure 12(b)(6), a plaintiff must comply with Rule 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A plaintiff must also illustrate the grounds of their entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). Although a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (citations omitted).

Seymore represents himself in this matter. The Sixth Circuit holds pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (quoting *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nonetheless, complaints may be dismissed for failure to

state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citations omitted).

### B. First Amendment Retaliation

To establish a First Amendment retaliation claim, a plaintiff must prove that: (1) the plaintiff engaged in activities protected by the Constitution or statute; (2) the defendant took an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) that this adverse action was taken at least in part because of the exercise of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

An incarcerated person "has an undisputed First Amendment right to file grievances against prison officials on his own behalf." *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). This right, however, is protected only if the grievances are not frivolous. *Id.* Additionally, to prove causation, the plaintiff must establish that the retaliatory motive was a but-for cause of the adverse action. *Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (citation omitted) (stating that it is insufficient "to show that an official acted with a retaliatory motive and that the plaintiff was injured").

### C. MCL § 19.142

MCL § 19.142 prohibits an individual from annoying, harassing, assaulting or disturbing an inmate in MDOC's jurisdiction. If found guilty of such conduct, a person "is guilty of a misdemeanor punishable by imprisonment for not less than 10 days or more than 60 days or a fine of not more than $50.00, or both." *Id.*

## III. Analysis

Ferguson argues that Seymore failed to allege a cognizable First Amendment action because neither the verbal warning nor attorney visit delay are adverse actions. (ECF No. 18.) Ferguson also contends that Seymore failed to allege Ferguson's personal involvement in the delay. *Id.* Seymore argues that Ferguson's conduct constitutes adverse action and that it is causally connected to the grievances he filed. (ECF No. 20.)

### A. Verbal Warning

Ferguson challenges the sufficiency of Seymore's pleading only as to the second element of this claim. The Court finds that Ferguson's verbal warning is not an adverse action.

For the first element, the Court assumes that Seymore's verbal complaint is protected conduct under the First Amendment. *King v. Williams*, No. 12-15116, 2013 WL 4718335, at *3 (E.D. Mich. Sept. 3, 2013) (citations omitted) ("[I]t has been held [in other circuits] that the mere fact of a complaint being expressed

5

orally rather than in writing does not deprive that complaint of its constitutional protection.")

For the second element, Ferguson's verbal warning is not an adverse action. First, warnings do not, "as a matter of law, constitute an 'adverse action' for purposes of a First Amendment retaliation claim." *Coleman v. Mohlman*, No. 2:19-CV-13494, 2020 WL 5648352, at *8 (E.D. Mich. Aug. 24, 2020), report and recommendation adopted, No. 2:19-CV-13494-TGB, 2020 WL 5645715 (E.D. Mich. Sept. 22, 2020) (holding that a meeting and issuance of a warning did not constitute adverse actions). Additionally, the Sixth Circuit held that inmates have no right to be free from verbal abuse in the retaliation context. *Carney v. Craven*, 40 F. App'x 48, 50 (6th Cir. 2002). "Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse." *Thaddeus-X*, 175 F.3d at 398.

Moreover, Section 1983 requires injury. *Id.* at 397. The governing standard is whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* A variety of conduct constitutes adverse action. *E.g., Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (finding that an official's threat to cause the plaintiff to lose his job and transferred to a facility far from his family constituted an adverse action); *Cale v. Johnson*,

861 F.2d 943, 950 (6th Cir. 1988) (holding that an official's false misconduct charge against a prisoner in retaliation for complaining about prison food constituted an adverse action). However, certain threats are so de minimus that they do not rise to the level of being constitutional violations. *Thaddeus-X*, 175 F.3d at 398. Here, even when viewing the facts in the light most favorable to Seymore, Ferguson's mere threat to end a visit does not amount to an adverse action.

Since Seymore failed to establish that he suffered an adverse action that would deter a person of ordinary firmness from engaging in protected activity, this First Amendment retaliation claim fails.

### B. Attorney Visit Delay

Ferguson challenges the sufficiency of Seymore's pleading as to the second element of this claim and Ferguson's respondeat superior liability. The Court finds that Seymore did not establish causation and that Ferguson cannot be liable for his conduct as a supervisor.

Seymore engaged in protected conduct when he filed grievance against Ferguson for the verbal warning incident. *Herron*, 203 F.3d at 415. This satisfies the first element.

For the second element, it is unclear whether a one-time one hour and 45-minute visitation delay constitutes adverse conduct. *See Uduko v. Cozzens*, No. 11-

13765, 2016 WL 1242274, at *6 (E.D. Mich. Mar. 30, 2016) (assuming, but not deciding, that a one-time denial of a visitor was adverse conduct).

Even assuming Seymore sufficiently pled the second element, Seymore does not satisfy the third element of causation. First, Seymore does not claim that Ferguson caused the delay of his attorney's visit. Instead, Seymore alleged that he notified Ferguson about the delay and that Ferguson "as a supervisor" allowed the delay to occur. (ECF No. 1, PAGEID.4.) Section 1983 liability must be based on more than respondeat superior. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (citation omitted). Second, Seymore fails to establish that Ferguson's retaliatory motive was a but-for cause of the delay. *Nieves*, 139 S. Ct. at 1722. As Ferguson argues, delays can happen. (ECF No. 18, PAGEID.66; *Scott v. Freeburn*, No. 06-13313, 2007 WL 1140719, at *5 (E.D. Mich. Apr. 17, 2007) (indicating that delays may occur due to pre-visitation strip searches and number of visitors).) Ferguson's alleged conduct does not rise to the level of unconstitutional conduct.

### C.   MCL § 19.142

Neither party raised any arguments regarding Seymore's MCL § 19.142 claim. MCL § 19.142 is a criminal penal statute. As a private citizen, Seymore lacks standing and authority to initiate criminal charges. *See United States v. Oguaju,* 76 F. App'x. 579, 581 (6th Cir. 2003) (holding that no private right of

action exists under a criminal statute and affirming the district court's dismissal of the plaintiff's complaint). Seymore's MCL § 19.142 claim therefore fails.

## IV. Conclusion

For the foregoing reasons, the Court **RECOMMENDS** that Ferguson's motion to dismiss be **GRANTED**. Accordingly, Seymore's complaint should be **DISMISSED**.

Dated: July 5, 2022　　　　　　　　　s/**Jonathan J.C. Grey**
　　　　　　　　　　　　　　　　　　Jonathan J.C. Grey
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## Notice to the Parties About Objections

Within 14 days of being served with a copy of this Report and Recommendation, any party may object to and seek review of the proposed findings and recommendations set forth above. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). If a party fails to timely file specific objections, any further right of appeal is waived. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991). Only specific objections to this Report and Recommendation are preserved for appeal; all other objections are waived. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Each objection must be labeled as "Objection No. 1," "Objection No. 2," etc. Each objection must specify precisely the provision of this Report and Recommendation to which it pertains. In accordance with Local Rule 72.1(d), copies of objections must be served on this Magistrate Judge.

A party may respond to another party's objections within 14 days after service of any objections. Fed. R. Civ. P. 72(b)(2). Any such response should be concise and address each issue raised in the objections in the same order and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 5, 2022.

s/ <b>S. Osorio</b><br>
Sandra Osorio<br>
Case Manager