UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TOMMIE SEYMORE,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BILLY FERGUSON,<br><br>　　　　　　　　Defendant. | Case No. 20-cv-13269<br>Honorable Shalina D. Kumar<br>Magistrate Judge Jonathan J.C. Grey |

**ORDER SUSTAINING PLAINTIFF'S OBJECTIONS (ECF NO. 23); ADOPTING IN PART AND REJECTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (ECF NO. 22); AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (ECF NO. 18)**

Tommie Seymore, a *pro se* prisoner, filed this action against defendant Billy Ferguson, a sergeant at the G. Robert Cotton Correctional Facility (JCF), alleging violations of his First Amendment rights and M.C.L. 19.142. ECF No. 1. This matter was referred for all pretrial matters to the assigned magistrate judge. ECF No. 19. The magistrate judge issued a report and recommendation (R&R) recommending that defendants' motion to dismiss (ECF No. 18) be granted. ECF No. 22. At the conclusion of the R&R, the magistrate judge notified the parties that they must file any

objections to the R&R within fourteen days. *Id.* Seymore timely filed objections to the R&R. ECF No. 23.

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues*. See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Seymore asserts three objections to the R&R. ECF No. 23. First, Seymore argues that the magistrate judge erred in finding that Ferguson's verbal warning did not, as a matter of law, constitute an adverse action for the purposes of his First Amendment retaliation claim. ECF No. 22, PageID.111. The Court agrees and sustains this objection.

To succeed on a First Amendment retaliation claim, a plaintiff must show that: (1) he engaged in protected conduct; (2) an adverse action was taken against him that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) the adverse action was motivated by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Seymore alleged in his complaint that Ferguson threatened to terminate Seymore's visit, and then exclaimed, "I am just giving you a warning this time," after Seymore complained about the cold temperature of the JCF visiting room. ECF No. 1, PageID.2-3; ECF No. 22, PageID.107. Seymore filed a grievance against Ferguson later that day. ECF No. 22, PageID.107. The magistrate judge determined that Ferguson's verbal "warning" to Seymore in the visiting room could not constitute an adverse action for purposes of a First Amendment retaliation. The magistrate judge relied on *Coleman v. Mohlman*, which held that a written warning notice issued after the plaintiff-prisoner spoke to a newspaper reporter did not amount to an adverse action. 2020 WL 5648352, at *8 (E.D. Mich. Aug. 24, 2020), *adopted*, 2020 WL 5645715 (E.D. Mich. Sept. 22, 2020).

The Court finds the written warning notice issued to the plaintiff in *Coleman* distinguishable from Ferguson's verbal warning here. Although Ferguson loudly stated: "I am just giving you a warning this time," that *warning* was a caveat to the public verbal threat, which preceded it. ECF No. 1, PageID.3. The threat to terminate Seymore's visit, not the qualifying warning that followed, constitutes the alleged adverse action for Seymore's claim.

"Even the threat of an adverse action can satisfy this element if the threat is capable of deterring a person of ordinary firmness from engaging in the protected conduct." *Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009). Whether an action is sufficiently adverse to deter a person of ordinary firmness is generally a question of fact and thus reserved for the jury. *King v. Williams*, 2013 WL 4718335, at *3 (E.D. Mich. Sept. 3, 2013) (citing *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir.2002) ("in most cases, the question of whether an alleged retaliatory action poses a sufficient deterrent threat to be actionable will not be amenable to resolution as a matter of law . . . unless the claimed retaliatory action is truly 'inconsequential,' the plaintiff's claim should go to the jury"). Although "certain threats or violations are so de minimis that they do not rise to the

level of being constitutional violations, this threshold is intended to weed out only inconsequential actions." *Thaddeus–X*, 175 F.3d at 398. A defendant's threat to curtail a visit is not inconsequential; such a threat could be sufficient to deter a person of ordinary firmness and is thus requisitely adverse to survive a motion to dismiss. *See King*, 2013 WL 4718335, at *3-4. The Court finds that, as alleged, Ferguson's public verbal threat to terminate Seymore's visit could constitute an adverse action, and, as such, supports a viable claim for retaliation under the First Amendment. Seymore's first objection is sustained.

Seymore's second objection challenges the magistrate judge's conclusion that Seymore cannot satisfy the causation element of a retaliation claim as a matter of law. This objection relates to Seymore's scheduled attorney visit several days after the visiting room incident. ECF No. 22, PageID.113. That visit was delayed by an hour and forty-five minutes.[1] *Id*. Seymore argues that he has plausibly alleged that the delay

---

[1] Whether a significantly delayed attorney visit constitutes an adverse action is not resolved by the R&R. ECF No. 22, PageID.112-13. The Court finds that this is one of the many cases in which the question of whether an alleged adverse action poses a sufficient deterrent threat to be actionable cannot be resolved as a matter of law. *See Bell*, 308 F.3d at 603.

for his attorney visit was motivated by his complaints and grievances against Ferguson. ECF No. 23. The Court agrees.

A defendant's motivation for taking adverse action against a plaintiff is usually a matter best suited for the jury. *Paige v. Coyner*, 614 F.3d 273, 282 (6th Cir. 2010). "Temporal proximity between the protected conduct and the adverse action by the state actor alone may be significant enough to constitute indirect evidence to create an inference of retaliatory motive." *Id*. at 283 (quotation and marks omitted). Defendants are free to rebut allegations of causation or motivation on summary judgment or at trial by establishing that the adverse action was triggered by nonretaliatory causes, but the existence of these benign alternative causes do not support dismissal under Federal Rule of Civil Procedure 12(b)(6). *See id*.

The magistrate judge concluded that Seymore's failure to establish Ferguson's retaliatory motive as the cause of the delayed attorney visit justified dismissal. ECF No. 22, PageID.113. That determination is premature. As noted in the R&R, delays can happen for any number of reasons. But one of those reasons might be the retaliatory animus of the authority overseeing visitations, which is what Seymore alleges in his complaint. Only after discovery will it be possible for Seymore to establish,

or fail to establish, Ferguson's retaliatory motive as the cause of his delayed attorney visit. The Court finds that Seymore sufficiently alleges causation to survive a motion to dismiss. Seymore's second objection is sustained.

Finally, Seymore objects to the magistrate judge's finding that liability for retaliation cannot attach to Ferguson based on his role as supervisor. ECF No. 22, PageID.113. The R&R correctly notes that liability for constitutional violations must be based on more than respondeat superior. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). But finding that Ferguson's role as a supervisor shields him from potential liability in this matter ignores the plain allegations of Seymore's complaint.

Seymore alleges that Ferguson was present in Control Center during the delay, that Seymore advised Ferguson of the unwarranted delay, and that "Ferguson, as a supervisor, directly participated, encouraged, authorized and acquiesced in the wrongful acts." ECF No. 1, PageID.4. Seymore also alleges that Ferguson mentioned the grievance and made threats and comments that Seymore was 'slick . . . a manipulator and . . . a problem." *Id.* Seymore argues in his third objection that, as alleged, Ferguson acted as more than just a supervisor when Seymore complained

to him directly of the delayed attorney visitation. The allegation that Ferguson referenced the grievances against him in response to Seymore's complaints about the delayed attorney visit further suggests a connection between that delayed visit and Seymore's prior complaints against Ferguson. Seymore adequately alleges Ferguson's direct participation and involvement in the delayed attorney visit, beyond the role of mere supervisor, to survive a motion to dismiss on this basis. Seymore's third objection is sustained.

The Court **SUSTAINS** Seymore's objections. ECF No. 23. The Court **REJECTS** the portion of the magistrate judge's R&R recommending the dismissal of Seymore's First Amendment retaliation claims. ECF No. 30. The Court **ADOPTS** the portion of the R&R recommending the dismissal of the claim advanced under M.C.L. 19.142. *Id.*

Accordingly,

**IT IS ORDERED** that Ferguson's motion to dismiss (ECF No. 18) is **GRANTED** with respect to Seymore's M.C.L. 19.142 claim. That claim is **DISMISSED**. The motion to dismiss is **DENIED** in all other respects. Seymore's retaliation claims against Ferguson remain and the parties shall proceed to discovery.

**IT IS SO ODERED.**

|  |  |
|---|---|
|  | s/Shalina D. Kumar |
|  | SHALINA D. KUMAR |
| Dated: September 30, 2022 | United States District Judge |