UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tommie Seymore,

       Plaintiff,

v.

Billy Ferguson,

       Defendant.

Case No. 20-13269
District Judge Shalina D. Kumar
Magistrate Judge Jonathan J.C. Grey

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (ECF No. 28)

Tommie Seymore brought this pro se complaint under 42 U.S.C. § 1983 against Billy Ferguson and alleged retaliation in violation of his First Amendment rights. (ECF No. 1.) On January 24, 2023, Seymore filed a motion for the appointment of counsel. (ECF No. 28.)

For the following reasons, the Court **DENIES** Seymore's motion.

Under 28 U.S.C. § 1915(e), the Court has authority to appoint counsel to an indigent plaintiff. Unlike in criminal cases, litigants in civil cases do not have a constitutional right to counsel. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). Although rare, the Court has the discretion to appoint counsel in a civil proceeding amid exceptional circumstances. *Lavado v. Keohane,* 992 F.2d 601,

604-06 (6th Cir. 1993). In determining whether exceptional circumstances exist, courts examine the type of case and its complexity, the plaintiff's ability to represent himself, and whether the claims have merit. *Id.*; *see also Mars v. Hanberry*, 752 F.2d 254, 256 (6th Cir. 1995). The Court also considers whether all possible dispositive motions have been filed and ruled on. It is the general practice of this district to defer appointing counsel until all dispositive motions have been denied. *Weatherspoon v. Dinsa,* No. 14-12756, 2015 WL 5634448, at *6 (E.D. Mich. Sept. 25, 2015); *see also Catanzaro v. Mich. Dep't of Corrs.*, No. 08-11173, 2009 WL 2154819, at *3 (E.D. Mich. July 14, 2009).

Seymore alleges that Ferguson retaliated against him for engaging in protected conduct. (ECF No. 1.) In his motion, Seymore claims he needs legal assistance because it is "becoming more and more difficult to move around [the] facility. The facility has been under several Covid-19 quarantines, Scabbies quarantine, and influenza quarantine, that was just lifted today, all in the past 12 months. Each time limiting [his] access to the Law Library. [sic]" (ECF No. 28.) Importantly, Seymore does not claim that he is unable to represent himself due to the complexity of his case, but rather, he would like counsel because of the facility's current conditions. *See Dixon v. Kraft*, No. 16-14439, 2017 WL 11490775 (E.D. Mich. Mar. 14, 2017) (finding that the pro se plaintiff's limited access to the law library was not an exceptional circumstance for the appointment

2

of counsel, "as the same is true for the majority of pro se prisoner litigants"). Nonetheless, in evaluating the complexity of Seymore's First Amendment claim, the Court finds that it is not one of unusual complexity. *Frazier v. Clothfelt*, No. 19-10389, 2021 WL 4944820, at *6 (E.D. Mich. Sept. 29, 2021) (finding that the pro se plaintiff's First Amendment retaliation claim was not complex as to require counsel). Moreover, Seymore's complaint, motion response, and objection are clear and demonstrate an ability to represent himself. In these filings, Seymore has presented plausible arguments and cited applicable legal authorities. In fact, Seymore successfully defended one of his First Amendment claims against Ferguson's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 24.) Seymore's success demonstrates his ability to represent himself. *See Griffin v. Klee*, No. 14-14290, 2015 WL 3407919, at *2 (E.D. Mich. May 27, 2015) (holding that even though the pro se plaintiff survived defendant's motion to dismiss, the plaintiff's motion for appointment of counsel was premature because no party filed summary judgement motions).

On February 24, 2023, the Court issued a stipulation and order extending the dispositive motion cut-off to May 25, 2023. (ECF No. 30.) Thus, not all possible dispositive motions have been filed in the case.

A review of the complaint and application to appoint counsel does not reveal "exceptional circumstances" justifying the appointment of counsel at this time.

*Lavado,* 992 F.2d at 604-06. If Seymore survives the dispositive motion stage, he may renew his motion for the appointment of counsel. *Ouellette v. Hills*, No. 15-11604, 2016 WL 5941829, *2 (E.D. Mich. Oct. 13, 2016).

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** Seymore's motion for appointment of counsel. (ECF No. 28.)

**SO ORDERED.**

s**/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States Magistrate Judge

Dated: March 7, 2023

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 7, 2023.

s/ <b>J. Owens</b><br>
Julie Owens<br>
Case Manager